UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JASON GUY AND CHARIS GUY | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. _____ |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY | § | **(JURY)** |
| INSURANCE COMPANY AND | § | |
| CRYSTAL JOHNSON, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE
COMPANY'S NOTICE OF REMOVAL AND DEMAND FOR JURY TRIAL**

**TO THE HONORABLE UNITED STATES DISTRICT COURT**:

Defendant Allstate Vehicle and Property Insurance Company ("Allstate") files this Notice of Removal of Cause Number 16-09130-367, styled *Jason Guy and Charis Guy v. Allstate Vehicle and Property Insurance Company and Crystal Johnson,* currently pending in the 367th District Court, Denton County, Texas.  Allstate removes the case to the U.S. District Court for the Eastern District of Texas, Sherman Division.  As grounds for removal, Allstate states as follows:

**I.
OVERVIEW**

1.1    This case involves a dispute over insurance benefits under a Homeowners policy of insurance issued by Allstate to Plaintiffs Jason Guy and Charis Guy, for alleged storm damage to Plaintiff's home April 11, 2016.  (*See* Plaintiff's Petition).  Plaintiff commenced this action, styled *Jason Guy and Charis Guy v. Allstate Vehicle and Property Insurance Company and Crystal Johnson,* against Allstate by filing their Original Petition on November 3, 2016 under

Cause Number 16-09130-367 in the 367th District Court, Denton County, Texas.  In Plaintiff's

Original Petition, he seeks to recover damages from the Defendants in excess of $200,000.00 but

not over $1,000,000.00.  Allstate was served with Plaintiff's Petition on November 16, 2016.

Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).  A true and correct

copy of all process, pleadings, and the orders served upon Allstate in the state court action are

being filed with this Notice as required by 28 U.S.C. § 1446(a), and are attached hereto as

Exhibit "A".

## II.
## DIVERSITY JURISDICTION

2.1    The District Courts of the United States have original jurisdiction over this action based

on complete diversity of citizenship between the parties as contemplated by 28 U.S.C. § 1332(a).

The Plaintiffs are now, and were at the time the lawsuit was filed, residents of the State of Texas.

(*See* Plaintiff's Petition, page 1).  Defendant Allstate Vehicle and Property Insurance Company

is an Illinois corporation with its principal place of business in Illinois and is a citizen of the

State of Illinois for diversity purposes, and therefore, complete diversity exists.

An additional Defendant in the case is Crystal Johnson, alleged to be a citizen of the State

of Texas.  Johnson has yet to be served.  However, she is a citizen of the State of Illinois.    Her

citizenship, however, should not be taken into consideration for purposes of determining

diversity as she has been improperly joined in this action.

There being complete diversity between the Plaintiff and Defendant Allstate, this case is

properly removed to the U.S. District Court for the Eastern District of Texas, Sherman Division.

2.2    The doctrine of improper joinder is an exception to the requirement of complete

diversity and provides that a defendant may remove a case to a federal forum unless the in-state

defendants were property joined.  *See Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir.

2004).   Improper joinder is demonstrated where (1) there is actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff is unable to establish a cause of action against the non-diverse party in state court.   *See Travis v. Irby*, 325 F.3d 644, 646-47 (5th Cir. 2003).   In this case the Plaintiff is unable to establish a cause of action against Defendant Crystal Johnson, thereby rendering her joinder improper.

2.3   The Plaintiff's allegations against Defendant Crystal Johnson are generic and formulaic claims under the Texas Insurance Code and the Texas Deceptive Trade Practices Act and are unsupported by real facts.   Such claims are in violation not only of the pleading requirements set forth in Rule 91a of the Texas Rules of Civil Procedure, but also the federal pleading requirements established by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929, 940 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1945, 173 L.Ed.2d 868 (2009).   The allegations against Defendant Crystal Johnson in this case set forth nothing more than bare legal conclusions together with a formulaic recitation of the elements of a cause of action. These generic recitations on their face not only fail to state a viable cause of action under Texas law but also fail to evidence a plausible entitlement to relief to support the joinder of Defendant Crystal Johnson.   As such, the allegations against Crystal Johnson exemplify the badge of improper joinder.

2.4   Policyholders in Texas have a long history of improperly joining insurance adjusters and agents as party-defendants in first-party suits against their insurance company to recover policy benefits in an effort to avoid removal of the case from state court to federal court. This is yet another example of one such case.   The essence of this lawsuit is the Plaintiff's right of recovery under the insurance contract.   Under such circumstances, Defendant Crystal Johnson has been improperly joined.   Because Defendant Crystal Johnson has been improperly joined, the

claims against her should not only be disregarded for purposes of determining diversity, but also should also be dismissed in their entirety as a matter of law.

## III.
## REMOVAL PROPER

3.1     Disregarding the citizenship of Defendant Crystal Johnson as alleged, this Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) as an action wholly between citizens of different states with the matter in controversy exceeding the sum or value of $75,000.00, exclusive of interest and costs.

3.2     Under 28 U.S.C. § 1441(a), the removed action is proper in this Court as the district and division embracing the place where the state court action is pending.

3.3     Defendant Allstate, the removing party, will promptly give the parties written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).  Allstate will promptly file a copy of this Notice of Removal with the clerk of 367th District Court, Denton County, Texas, where the action is currently pending, also pursuant to 28 U.S.C. § 1446(d).

3.4.    Defendant hereby demands a trial by jury.

## IV.
## EXHIBITS ACCOMPANYING REMOVAL

4.1     In conjunction with filing this Notice of Removal, Defendant Allstate files the following documents as exhibits:

Exhibit "A" – Index/Documents filed in the 367th District Court, Denton County, Texas

WHEREFORE, PREMISES CONSIDERED, Defendant Allstate Vehicle and Property Insurance Company, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, removes Cause Number 16-09130-367, styled *Jason Guy and Charis*

*Guy v. Allstate Vehicle and Property Insurance Company and Crystal Johnson,* currently

pending in the 367th District Court, Denton County, Texas to this Court on the 16th day of

December, 2016, for trial and determination.

Respectfully submitted,

**STACY & CONDER, LLP**


By:    /s/ David G. Allen
       David G. Allen
       State Bar No.: 00786972
       allen@stacyconder.com
       Danah L. Woods
       State Bar No.: 24045259
       woods@stacyconder.com

901 Main Street, Suite 6200
Dallas, Texas 75202
(214) 748-5000
(214) 748-1421 (fax)

**ATTORNEYS FOR DEFENDANTS**


**<u>CERTIFICATE OF SERVICE</u>**

On December 16th, 2016, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).


/s/ David G. Allen
David G. Allen

DGA/PLDG/578235.1/000003.16978